UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-CV-267-RJC-DSC

| | |
|---|---|
| **KELLY REID MORRIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| **CAROLYN W. COLVIN,** | ) |
| **Acting Commissioner of** | ) |
| **Social Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment and Memorandum in Support, (Docs. 10, 11), Defendant's Motion for Summary Judgment and Memorandum in Support, (Docs. 12, 13), Magistrate Judge's Memorandum and Recommendations (M&R), (Doc. 14), Plaintiff's Objections, (Doc. 15), and Defendant's Reply (Doc. 16).

**I.      BACKGROUND**

   A.      Procedural Background

Plaintiff Kelly Reid Morris seeks judicial review of Defendant's denial of his social security claim. (Doc. 1). On or about April 28, 2010, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging that he became disabled on April 1, 2010, amended to April 28, 2010 at the hearing. (Doc. 9-3 at 24-25). The Commissioner initially denied Plaintiff's application on July 22, 2010, and was again denied upon reconsideration on December 30, 2010. (Doc. 11 at 2). Subsequently, Plaintiff filed a timely written request for a hearing. (Id.).

On June 14, 2012, Plaintiff, represented by counsel, appeared and testified at a hearing before an Administrative Law Judge (ALJ). (Id. at 3). On August 8, 2012, the ALJ issued a decision denying Plaintiff's claim. (Id.). Plaintiff filed a request for review of the ALJ's decision, but this request was denied by the Appeals Council on August 17, 2012. (Id.). Therefore, the ALJ's decision became the Commissioner's final decision. (Doc. 10 at 3).

B. Factual Background

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between April 28, 2010 and the date of the ALJ's decision on August 8, 2012.[1] (Doc. 9-3; ALJ at 24). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from April 28, 2010 through the date of his decision, August 8, 2012. (Id. at 32).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a) (2012). The five steps are:

(1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;

---

[1] Under the Social Security Act, 42 U.S.C. §§ 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and

(5) whether, considering claimant's RFC, age, education, and work experience, he or she can make an adjustment to other work—if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Id. at 31).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since April 28, 2010. (Id.). At the second step, the ALJ found that Plaintiff's seizure disorder, status post right hip replacement with residuals, amnesia disorder, mood disorder, and anxiety disorder were severe impairments. (Id.). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that [met] or medically equal[ed] one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1 (the Listings). (Id. at 17-19).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform unskilled light work.[2] (Id.). In making his finding, the ALJ specifically stated that he "considered the opinions, if any, of the claimant's treating, attending, examining and evaluating physicians, psychologists, and other medical professionals, including mental health

---

[2]Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). A person capable of light work is also deemed to be capable of sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. Id.

professionals." (Id. at 29). The ALJ further opined that he "considered the state agency medical consultants and claimant's formulaic obesity" when making his decision. (Id. at 29-30).

Finally, the ALJ found that Plaintiff could not perform his past relevant work as a gambling room attendant, a plumber's helper, a janitor, a golf course cart boy, and a carpet and tile worker. (Id. at 30-31). However, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Id. at 31). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between April 28, 2010 and the date of his decision on August 8, 2012. (Id.).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979). As the Social Security Act provides, if the Commissioner's findings as to any fact are supported by substantial evidence, they shall be conclusive. 42 U.S.C. § 405(g); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . ."). "Substantial evidence" has been defined as "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

**III. DISCUSSION**

On appeal to this Court, Plaintiff argues that the ALJ erred as a matter of law in denying his claim on three grounds: (1) the ALJ failed to conduct vocational expert analysis when considering Plaintiff's non-exertional impairments; (2) the ALJ improperly assessed his RFC by not considering Plaintiff's mental limitations, his use of a cane, and the effect of his seizures; and (3) improperly evaluated his RFC by not considering Plaintiff's obesity. The Court reviews each of these arguments.

A. ALJ's Failure to Consider Vocational Expert's Opinion

Plaintiff first objects that the ALJ failed to take a vocational expert's testimony when evaluating if there are specific alternative jobs available to Plaintiff within his RFC. (Doc. 11 at 10). Plaintiff argued that a vocational expert is appropriate when there involves a nonexertional disability such as the ailments he suffers from. (Id. at 12). However, Plaintiff's nonexertional limitation, regarding seizure precautions, does not require vocational expert testimony because it does not significantly impact his occupational base. The ALJ found that Plaintiff could still perform light work with the aforementioned limitations. (Doc. 9-3; ALJ 28-32).

The instant case differs from the recent case of Clowers v. Astrue, 2013 U.S. Dist. LEXIS

73195 (W.D.N.C. May 22, 2013), since here, the ALJ did incorporate a seizure precaution precluding Plaintiff from concentrated exposure to unprotected heights and moving machinery when assessing his RFC. However, these limitations do not require vocational expert testimony because they do not significantly impact his occupational base. *See* Social Security Ruling (SSR) 85-15, 1985 WL 56857, at *8 ("[A] person with a seizure disorder who is restricted only from being on unprotected elevations and near dangerous moving machinery is an example of someone whose environmental restriction does not have a significant effect on work that exist at all exertional levels.").

      B.      ALJ's Evaluation of Plaintiff's RFC

Plaintiff argues that the ALJ failed to properly assess his RFC by not considering if Plaintiff could understand and respond appropriately to supervisors and coworkers, as well as deal with changes in a routine work setting. (Doc. 11 at 15). Plaintiff, having the burden of proving his RFC, failed to point to evidence that proved he possessed mental limitations. Nonetheless, substantial evidence from the objective medical evidence and the state agency medical consultants' opinions supported the ALJ's finding that Plaintiff had the mental RFC to perform simple, routine, repetitive tasks associated with unskilled work. (Doc. 9-3; ALJ 29). Furthermore, Plaintiff's mother testified that he had no trouble getting along with authority figures and he could handles changes in routine as well. (Id.).

In addition, Plaintiff contends that the ALJ did not consider his use of a cane when determining his RFC. (Doc. 11 at 16). However, the ALJ properly discussed Plaintiff's use of a cane and appropriately discounted it since there was no medical evidence to indicate that a use of a cane was prescribed by his physician. Not only was it not prescribed but, regardless of Plaintiff's subjective complaints, the medical record did not mention any issues with Plaintiff's

legs or standing.

Lastly, Plaintiff argues that the ALJ improperly found that he did not properly take the medication, Dilantin, to control his seizures. (Id. at 15-16). The medical record between August, 2010 to April, 2011 clearly stated that Plaintiff's Dilantin levels were well below the therapeutic level, which resulted in frequent seizures occurring about once a month. However, when Plaintiff was properly medicated, his seizures were controlled. A symptom that can be reasonably controlled by medication or treatment is not disabling, and therefore, does not need to be considered when evaluating Plaintiff's RFC. See Gross v. Heckler, 785 F.2d 1163, 1165-66 (4th Cir. 1986).

      C.      Consideration of Plaintiff's Obesity

Plaintiff contends that the ALJ never considered his obesity and its effect, if any, on his impairments. (Id. at 17). However, the ALJ did consider Plaintiff's obesity but did not think it an impairment because the medical record did not mention, let along describe, any limitation it created. Furthermore, Plaintiffs' treating physicians never suggested that he needed to lose weight or how obesity effected his daily activities. Therefore, Plaintiff failed to meet his burden of proving his alleged obesity was an impairment that effected his ability to work.

## IV. CONCLUSION

In light of the deferential standard of review applied under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), the Court finds that there is substantial evidence to support the Commissioner's final decision.

**IT IS, THEREFORE, ORDERED** that:

1.     Plaintiff's Motion for Summary Judgment, (Doc. 10), is **DENIED**;

2.     Defendant's Motion for Summary Judgment, (Doc. 12), is **GRANTED**; and

3.   The Clerk of Court is directed to close this case.

Robert J. Conrad, Jr.
United States District Judge